IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERADA HESS CORPORATION,

    Plaintiff,

v.                                                                           Civ. No. 01-556 RLP/LCS

ROBERT A. McCASLAND and McCASLAND
LIMITED PARTNERSHIP LEA I,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff Amerada Hess Corporation's Motion for Summary Judgment. Defendants' response to the Motion asserted a cross-motion for summary judgment. This case arises pursuant to 28 U.S.C. § 2201 (Declaratory Judgment). Having reviewed the parties' submissions and having heard oral arguments on August 5, 2002, the court finds that Plaintiff's Motion shall be denied and Defendants' Cross-Motion shall be granted.

Summary judgment is appropriate when there are not genuine issues of disputed material facts and one party is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322-27 (1986). The parties agree the material facts are not disputed.

Defendants own, in fee, various tracts of land in Lea County, New Mexico. Plaintiff Amerada Hess operates the minerals on some of those tracts of land by virtue of several oil and gas leases. At issue in this case is whether the surface of one leased tract may be used to access and develop wells on a separate leased tract when the lease makes no provision therefor.

The lease provides that Hess, as Lessee, holds the mineral estate

> for the sole purpose of exploring, drilling, operating for and producing oil, liquid hydrocarbons, gas and their constituent products, and of laying pipelines, storing oil, building tanks (but not tank farms), power stations, telephone lines, roads and other structures thereon necessary to produce, save, care for, treat, store and transport said products from the land leased hereunder only [.]

Memorandum in Support of Plaintiff's Motion for Summary Judgment [Doc. 22], ¶ 37.

Hess contends the commonality of the surface land ownership entitles it to the access it seeks, citing *Mountain Fuel Supply Co. v. Smith*, 471 F.2d 594 (10th Cir. 1973). Defendants argue that absent a contractual provision, Hess is not entitled to use one surface estate to exploit minerals on a separate adjoining tract of land, regardless of the commonality of ownership, citing *Amoco Prod. Co. v. Sims*, 639 P.2d 1178 (N.M. 1981).

The general rule, in the absence of an express agreement, is that "the right to use the surface of land as an incident of the ownership of mineral rights in the land, does not carry with it the right to use the surface in aid of mining or drilling operations on other lands."
*Russell v. Texas Co.*, 238 F.2d 636, 642 (9th Cir.), *cert. denied*, 354 U.S. 938 (1957). *Accord Hi Hat Elkhorn Coal Co. v. Kelly*, 205 F. Supp. 764, 766 (E. D. Ky. 1962); *Schmidt v. Schmidt*, 1 N.E.2d 419, 425 (Ct. App. Ill. 1936); *Groves v. Terrace Mining Co.*, 340 S.W.2d 708, 711 (Mo. 1960).

The *Mountain Fuel* decision involved 11 separate land patents which, at the time of the litigation, were held by the defendants as "owners in common." 471 F.2d at 595. The court held that "with the convergence of the several surface titles in the defendants, the

reason for treatment of the surface as composed of eleven separate tracts no longer exists." *Id*. *Mountain Fuel* concerned Utah land, a unitization agreement, and land granted under the Act of July 17, 1914, 30 U.S.C. § 122. None of those elements exist in this case. The decision is completely silent as to how the titles "converged." There are simply not enough facts given in *Mountain Fuel* for this court to hold that when contiguous tracts are held in fee by one person, that individual must treat all tracts as one as to his mineral lessees or operators. Nor does the court find the *Amoco Production* case to be particularly helpful because it concerned the rights to use of an existing road for ingress and egress. The issue here is whether the surface of one leased tract may be used to develop minerals on another leased tract when the lease makes no provision therefor.

The court can find no case, and the parties have cited none, that says the general rule cited above is different when the adjacent tracts are held in fee by one landowner and the minerals thereunder are governed by separate leases that are silent as to ingress, egress, or other surface use on the adjacent tracts.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment [Doc. 21] is denied; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants' Cross-Motion for Summary Judgment [Doc. 23] is granted.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiff: Bradford C. Berge, Esq.
For the Defendants: Scotty Holloman, Esq.